Mr. Justice Clayton
delivered the opinion of the Court.
This was a petition filed in the Probate Court of Yazoo county, by the distributees of Thomas Y. Berry, deceased, against the plaintiff in error, who is the administrator. The object was to recover their distributive share, as well of the personal estate, as of some real estate which had been sold by the administrator under an order of the Probate Court for that purpose. There appears to be no dispute as to the personalty, except whether-the Court in its decree should have required a refunding bond to be given.
As- to the proceeds of the land, there is more controversy. It was sold upon a credit. The purchaser died insolvent, before the note became due, and suit was instituted upon it as soon ás it could legally be done. After judgment, the execution was levied upon some slaves, which were claimed by a third person, and a bond given to try the right of property. From the large amount of business in the Court, several terms elapsed without a trial of the issue. In this state of things, by the advice of his counsel, who regarded the result as very doubtful, the administrator made a compromise with the parties, and agreed to extend the time of payment upon receiving ample security for the debt. This was done, and the debt thereby rendered safe, though previously doubtful. Before the day arrived, at which the debt became payable under this new arrangement, this petition was filed with a view to make the administrator liable individually for 'entering into this agreement; in other words, to^ charge him for the amount for which the land sold, and to leave him to collect the1 debt hereafter. The administrator insists *639 that he is not liable, until the money is collected. The Probate Court decreed, that he should account and pay over immediately, and the case comes up from that decree. Fhom the testimony, there is no doubt that the administrator acted in good faith, and the debt was probably saved by the change of security. The statutory mortgage was not resorted to, because the land had so far depreciated in value, that it would not have brought more than half of what it sold for in the first instance.
Debts due to a decedent are assets, but not to charge the executor or administrator, till he has received the money. 2 Lomax, Ex’rs, 229 ; 9 Leigh, 441. The executor may release or compound a debt, and if in so doing he appears to have acted for the benefit of the estate, he will not be chargeable with it as assets. 2 Lomax, 230; Blue v. Marshall, 3 P. Wms. 381. This is the rule in equity, though at law a more strict doctrine seems formerly to have prevailed. Toller, 425, 428. Without undertaking to decide how far this strict legal rule would now be enforced in an action for a devastavit, we are in this proceeding in the Probate Court led to adopt the principles which prevail in equity. The rules which there govern the conduct, and regulate the liability of trustees and executors, are framed with a view to secure good faith and correct dealing upon their part, but not to visit upon them any extreme measure of liability, lest good and prudent men should thereby be deterred from undertaking any trust. Chancellor «Kent lays down the rule, “ that trustees acting with good faith, are to be treated with liberality and indulgence. If there is no wilful misconduct or fraud on the part of an executor, he will not be held responsible for loss.” Thompson v. Brown, 4 Johns. Ch. R. 629. See also Brown v. Campbell, Hopkins’ Ch. R. 233. Other cases hold, that “the executor or administrator is liable for negligence, and that it is necessary to exact from them the same diligence and attention to the business they have'voluntarily assumed, which every discreet man would bestow upon his own.” Shultz v. Pulver, 11 Wend. 368; Caffray v. Darby, 6 Ves. 494. Probably this extension of the rule leaves it lenient enough, and gross negligence as well as bad faith should be holden to create liability. Indeed, gross negligence often amounts to bad faith and fraud.
*640 These rules seem plain, yet their application to particular cases may often prove the source of embarrassment. In this case, however, there exists no such difficulty. There has been no bad faith, no wilful misconduct, and no negligence. On the contrary, there has been a degree of diligence and vigilance in the management of the estate, equal to what most men, however discreet, bestow upon their own affairs. The act complained of appears beneficial, rather than hurtful, to the interests of the distributees. If the administrator had failed to make the arrangement, when it was in his power, we should, under the circumstances, have deemed that there would then have been better ground to make him liable than now; because there would have been negligence in securing a debt,, when he had it in his power to do so.
In our view, the conduct of the administrator in this instance was not such as to render him personally responsible, at least for the present, for the amount for I which the land sold. If after the new instalments have fallen due, it should be made to appear that the debt was lost by this arrangement, then the case would assume an entirely different aspect.
It has already been 'decided by this Court, that in its decree for„ distribution, at any time previous to the final settlement of the estate, the Probate Court should require a refunding bond to be given as a condition precedent to the execution of the decree. Murdock v. Washburn, 1 Sme. & Marsh. 547.
The decree will be reve'rsed and the cause remanded. So far as relates to the sale of the real estate, and to the attempt to render the administrator personally liable therefor, the petition will be dismissed without prejudice to any future proceeding. For all other purposes the bill may be retained for farther proceedings.
Decree reversed.